IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

AMANDA B. LOUDER, *Individually and as* )
*Trustee for* BODINE/LOUDER 2012 TRUST )
*and* MELINDA B. GAINES, *Individually and* )
*as Trustee for* BODINE/GAINES 2012 TRUST, )
  )
            Plaintiffs, )
  )
v. )
  )
LAREDO PETROLEUM, INC. and )
LAREDO PETROLEUM-DALLAS, INC., )
  )
            Defendants. )    Civil Action No. 6:20-CV-055-C

## ORDER

On this date, the Court considered Plaintiffs' Motion to Remand, along with Defendants' Response and Plaintiffs' Reply. Here, the dispute arises from an oil and gas lease entered into between the Plaintiffs and the Defendants' predecessor-in-interest. Plaintiffs have filed suit alleging that Defendants have improperly deducted "post-production" costs from their royalties, including services such as "gathering and transportation, separation and treating, and processing and marketing." Plaintiffs further allege that Defendants have "failed to provide timely and accurate land instruments and acreage releases."

The lease agreement contains a provision, Paragraph 22, that mandates that all actions related to the lease shall be brought in Glasscock County, Texas. Plaintiffs seek remand of this removed action by arguing that no federal courthouse exists in Glasscock County, Texas, and the above-styled and -numbered civil action was improperly removed in direct contradiction to the specific provisions of Paragraph 22. Specifically, Paragraph 22 states:

> Construction. This document was prepared as the joint effort of
> the Lessor and Lessee and there shall be no assumption in favor of
> either of them in the event this document is ever construed in a
> court. Venue for all suits regarding this agreement shall be in
> Glasscock County, Texas.

(Doc. #4-1, at p. 36 of 38.) Defendants argue that Paragraph 15 of the lease agreement, a savings

clause for implied covenants, preserves their removal rights. Specifically, Paragraph 15 states:

> Covenants. Notwithstanding anything contained herein to the
> contrary or that may be construed, either directly or indirectly to
> the contrary, nothing in this lease shall abrogate, limit to any
> degree, or otherwise affect the right of Lessor with respect to any
> implied covenant inuring to the benefit of Lessor under Texas law
> or any other law applicable hereto.

(Doc. #4-1, at p. 33 of 38.)

Forum selection clauses "are prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S*

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). To overcome a forum selection clause,

the resisting party must "clearly show that enforcement would be unreasonable and unjust, or that

the clause [is] invalid for such reasons as fraud or overreaching." *Id.* at 15.

When it comes to venue clauses, venue is improper because of a forum selection clause

only if the clause is mandatory, limiting proper venue to a particular forum. *See City of New*

*Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 501 (5th Cir. 2004). A forum selection

clause is mandatory if it contains language that restricts venue to a designated forum and

permissive if it does not prohibit the parties from initiating litigation elsewhere. *See In re*

*Fireman's Fund Ins. Cos.*, 588 F.2d 93, 94 (5th Cir. 1978); *Gary E. Patterson, P.C. v. Feldman*,

No. Civ. A. H-05-3609, 2005 WL 3307527, *4 (S.D. Tex. 2005) ("A permissive forum selection

2

clause authorizes jurisdiction in a particular forum, but does not prohibit litigation elsewhere."); *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 561 (N.D. Tex. 2003) ("Although the parties agreed that a state district court or federal court in Dallas had jurisdiction to adjudicate any matter "arising out of" or "related to" the Guaranty Agreement, nothing precludes them from initiating litigation elsewhere. . . . [T]he forum selection clause is permissive rather than mandatory."); *see also Aerus LLC v. Pro Team, Inc.*, No. Civ. A. 304CV1985M, 2005 WL 1131093, *3 (N.D. Tex. 2005) ("A party that consents to jurisdiction in one forum does not automatically waive its rights to have an action heard in another.").

As argued by Plaintiffs, the more specific and unambiguous provisions of Paragraph 22 control over the more general provisions of Paragraph 15 when it comes to proper venue for *all suits regarding* the agreement. *See, e.g., Gore Oil Co. v. Roosth*, 158 S.W.3d 596, 601 (Tex. App.—Eastland 2005, no pet.). Nothing in Paragraph 15 specifically mentions venue, jurisdiction, or forum in any manner. Thus, at best Paragraph 15 is ambiguous on those issues. In contrast, Paragraph 22 specifically limited the venue of *all suits* arising out of or in connection with the lease to Glasscock County, Texas—and the parties to the lease freely contracted to that venue. It is well settled that a party is deemed to have knowledge of all the terms in a contract the party executes and will be bound by them whether or not the party actually read those terms. *Donovan v. Mercer*, 747 F.2d 304, 309 (5th Cir. 1984).

Defendants also attempt to argue that the Court may not look to the provisions of the lease because it was not in the record at the time of removal. However, Defendants placed the lease into the record shortly after removal by attaching it to a motion to dismiss. A notice of removal is required to contain all state court filing at the time of removal. As central to the

3

dispute, the lease should have been in evidence as part of the record at the time of removal.  At

any rate, the Court is free to review the record before it and take judicial notice of a provision in

a the lease that prevents the Court from entertaining the case.  *See, e.g., Griggs v. State Farm

Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999).

Therefore, for the reasons argued by Plaintiffs in their Motion to Remand, as well as

their Reply, Plaintiffs' Motion to Remand is **GRANTED**.  The Clerk of Court shall mail a

certified copy of this Order to the 118th Judicial District Court of Glasscock County, Texas.

SO ORDERED.

Dated this _____ day of November, 2020.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

4